FORTIS LLP
Andrew R. Nelson (SBN 214895)
 anelson@fortislaw.com
Kelly K. Pfeiffer (SBN 223468)
 kpfeiffer@fortislaw.com
650 Town Center Drive Suite 1530
Costa Mesa, CA  92626
Telephone:  714-839-3800
Facsimile:  714-795-2995

JOHN R. SOMMER (SBN 106355)
ATTORNEY-AT-LAW
17853 Santiago Blvd., Suite 107-160
Villa Park, California  92861
(949) 752-5344, Fax: (949) 752-5439
SOMMER@SOMMER.LAW

Attorneys for Plaintiff
STUSSY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| STUSSY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHEIN; SHEIN DISTRIBUTION CORPORATION; <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR: <br><br> 1. TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. §1114); <br><br> 2. FALSE OR MISLEADING DESCRIPTIONS AND REPRESENTATIONS, AND DILUTION (15 U.S.C. §1125); <br><br> 3. INFRINGEMENT OF CALIFORNIA AND COMMON LAW TRADEMARKS AND TRADE NAME RIGHTS (Cal. Bus. & Prof. Code §§14320, 14335 and 14340); <br><br> 4. INJURY TO BUSINESS REPUTATION AND DILUTION (Cal. Bus. & Prof. Code §14330); <br><br> 5. UNFAIR COMPETITION AND UNFAIR PRACTICES (Cal. Bus. & Prof. Code §§17200-17208). <br><br> DEMAND FOR JURY TRIAL |

COMPLAINT; DEMAND FOR JURY TRIAL

Plaintiff Stussy, Inc. ("Stussy"), by its attorneys, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338 as it involves claims arising under the Lanham Act and substantially related claims for unfair competition. This Court has supplemental subject-matter jurisdiction over all other claims pursuant to 28 U.S.C. §1367 because they are so related that they form part of the same case or controversy.

2. This Court has personal jurisdiction over Defendants in that they are committing acts of infringement in the State of California in the Central District of California and in the Southern Division thereof, or are committing such acts knowing or should reasonably expect that they would cause damage to a person therein. Upon information and belief, Defendants are soliciting customers in California and do a substantial amount of business in California.

3. Venue for this action is proper in the Central District of California pursuant to 28 U.S.C. §1391(b), in that a substantial part of the events giving rise to the claim occurred in the Central District of California, including acts of infringement that occurred here and damage suffered here.

4. This is a civil action arising under the United States Trademark Act of 1946 as amended, 15 U.S.C. §1051 *et seq.* (the "Lanham Act"), for trademark infringement in violation of 15 U.S.C. §§1114 and 1116, for false or misleading descriptions and representations and dilution in violation of 15 U.S.C. §1125, and under the statutory and common law of the State of California relating to trademarks, trade names, dilution, unfair competition (Cal. Bus. & Prof. Code §§14320, 14330, 14335, 14340 and 17200-17208).

///

///

///

## PARTIES

5. Stussy is a corporation duly organized and existing under the laws of the State of California, having its principal place of business within the Central District of California at 17426 Daimler Street, Irvine, California 92614.

6. Upon information and belief, Stussy avers that Shein is a Chinese company, located in Nanjing, China, and is the owner of the Shein.com domain. Defendant is doing business in and committing the acts of infringement and other acts averred herein in the Central District of California and within the State of California, and is directing its activities towards persons in such state and knowingly causing damage in such state. Shein has a reported valuation of $15 billion.

7. Upon information and belief, Stussy avers that Shein Distribution Corporation is a Delaware corporation that is based in the Central District of California is involved with Shein.com domain. Defendant is doing business in and committing the acts of infringement and other acts averred herein in the Central District of California and within the State of California, and is directing its activities towards persons in such state and knowingly causing damage in such state.

8. Hereinafter Shein, the Chinese company and Shein Distribution Corporation are collectively referred to as "Defendant."

## ALLEGATIONS IN SUPPORT OF ALL CLAIMS

9. Since approximately 1980, Stussy has been and is now engaged in the business of manufacturing, promoting, distributing and selling its high-quality clothing. All of Stussy's products are manufactured pursuant to its strict specifications and quality control.

10. Stussy has long used, prior to the acts of Defendant herein, the trademark STUSSY, including without limitation, in standard characters and in a graffiti style. Collectively, Stussy's trademarks are hereinafter referred to as the "STUSSY Marks."

The STUSSY Marks are widely recognized and understood as standing for Stussy's excellent reputation and products.

11. Stussy is the owner of, without limitation, the STUSSY Marks and registrations therefor as follows:

a. STUSSY: this mark was registered on the Principal Register of the United States Patent & Trademark Office (hereinafter, "USPTO") on May 27, 1986 as Registration No. 1395006 for "Clothing, namely pants, shirts, shorts, bathing suits, t-shirts, sweat suits, and vests."

b. [Stussy stylized mark]: this mark was registered on the Principal Register of the USPTO on May 13, 1997 as Registration No. 2060941 for "Clothing, namely T-shirts, sweatshirts, jerseys, shorts, sweatpants, jackets, hats, caps, swimsuits, skirts, dresses, shirts, tank tops, pants, coats and belts."

c. STUSSY: this mark was registered in California on December 23, 1992 as Registration No. 096863 for "Clothing, namely shirts, blouses, t-shirts, shorts, pants, jeans, jackets, sweatshirts, caps, bathing suits, vests, shoes, sandals."

d. STUSSY DESIGNS (stylized): this mark was registered in California on February 27, 2007 as Registration No. 112428 in International Class 25 for "T-shirts."

e. STUSSY – stylized script: this mark was registered in California on December 30, 1992 as Registration No. 96909 for "Clothing, namely shirts, blouses, t-shirts, shorts, pants, jeans, jackets, sweatshirts, caps, bathing suits, vests, shoes, sandals."

12. Stussy has given notice that the STUSSY Marks are registered pursuant to 15 U.S.C. §1111, by displaying the registration symbol ®.

13. All the above registrations are valid, subsisting and exclusively owned by Stussy. Copies of the registrations are attached as **Exhibit A**.

14. At all times relevant hereto, the STUSSY Marks have been continually used by Stussy throughout the world and in the United States, including California, on or in connection with the manufacture, distribution, sale and promotion of Stussy's products.

15. As a result of Stussy's widespread and continuous use, advertisement and promotion of its products in connection with the STUSSY Marks, they have become widely known and recognized as identifying Stussy as the source of a wide variety of clothing and related goods and as distinguishing such goods from those of others. The STUSSY Marks have come to represent and symbolize the excellent reputation of Stussy's products and Stussy's valuable goodwill among members of the public throughout the world and in the United States, including California. The STUSSY Marks have acquired a secondary meaning throughout the world and in the United States, including, without limitation, California.

16. The STUSSY Marks are more valuable than ordinary marks because Stussy's business model is to create an exclusive brand with limited distribution. As a result, there is much unmet demand for Stussy's products and for products with Stussy's look. As alleged below, Defendant attempts to fill the market for Stussy's products by diverting customers to Defendant's website containing infringing products.

///
///
///
///
///

## FIRST CLAIM FOR RELIEF

### (Against All Defendants For Infringement and Counterfeiting of Federally-Registered Trademarks)

17. Stussy incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

18. With actual and constructive notice of the foregoing federal and state trademark registrations and of Stussy's extensive and continuous use of the STUSSY Marks, Defendant has used and infringed the STUSSY Marks by offering for sale, selling and distributing products that bear copies and close reproductions of the STUSSY Marks. Defendant's use of "Stussy" is a counterfeit in that the mark is virtually identical to the genuine STUSSY Marks. Examples of Defendant's counterfeit products are attached as **Exhibit B**.

19. Defendant knowingly and intentionally infringed the STUSSY Marks and did so for the purpose of causing confusion and diverting customers. In order to hide Defendant's counterfeit products, Defendant avoids using the term "Stussy" in connection with its counterfeit Stussy products.

20. Stussy is informed and believes, and upon such information and belief avers, that Defendant advertised and promoted infringing products and thereby caused harm to Stussy. Defendant intended to cause and did cause, directly or indirectly, third parties to advertise and promote the infringing products, and thereby caused harm to Stussy.

21. Defendant knew that its acts were infringing. Defendant knew that its products were counterfeits that bear marks that are virtually identical to Stussy's STUSSY Marks. Defendant took such actions as, without limitation, 1) intentionally refraining from indexing its alleged "Stussy" products under the Stussy name, knowing that a search for the term "Stussy" would reveal its infringement and counterfeit products more easily, and 2) displaying a review of one of its infringing

and counterfeit products on its website which states that "The shirt looks like a real one."

22. Defendant has, without Stussy's consent, used in commerce reproductions, infringements, copies and colorable imitations of the STUSSY Marks in connection with the sale, offering for sale and distribution of goods and services on or in connection with such use, as is likely to cause confusion, mistake and deception, thereby violating 15 U.S.C. §1114.

23. Despite Defendant's knowledge that its acts are wrongful, Defendant has committed the acts herein averred in connection with the sale and offer for sale of goods and services.

24. The promotion, sale, offering for sale and distribution by Defendant of its goods and services by means of the infringing acts is likely to cause confusion and mistake and to deceive purchasers and will in fact cause confusion, mistake and deception.

25. Defendant's promotion, sale, offering for sale and distribution of its products by means of the infringing use of the STUSSY Marks has caused a loss of sales of Stussy's genuine products and will result in the loss of future sales to customers, unless enjoined. Such acts have resulted in sales by Defendant of its own goods and services, which has unjustly enriched Defendant.

26. Unless restrained by this Court, Defendant's acts have caused or are likely to cause Stussy and the public to suffer great and irreparable damage and injury through, <u>inter alia</u>, (a) a likelihood of confusion, mistake and deception among the relevant purchasing public, (b) falsely suggesting an affiliation between Stussy and Defendant, despite the absence of such affiliation; and (c) the loss of Stussy's valuable goodwill and business reputation symbolized by the STUSSY Marks.

27. Stussy has suffered loss of profits and other damages, and Defendant has earned illegal profits, in an amount to be proven at trial, as the result of Defendant's

aforesaid acts. Such damages and profits should be trebled in accordance with 15 U.S.C. §1117.

28. Defendant's conduct constitutes intentional infringement. Defendant knew its acts were wrongful and persisted in them. Trebled and/or statutory damages, as well as attorneys' fees, should be awarded.

29. Stussy has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Against All Defendants For False and Misleading Descriptions and Representations and Dilution)

30. Stussy incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

31. Defendant's products, and images of such products, being promoted on Defendant's website, constitutes the use of words, terms, names, symbols, devices and combinations thereof, false designations of origin and false and misleading descriptions and representation of fact that have:

    a. caused or are likely to cause confusion, mistake and deception as to the affiliation, connection and association of Defendant with Stussy and as to the origin, sponsorship and approval of Defendant's goods and services; and

    b. misrepresented, in commercial dealings, the nature, characteristics, qualities and origin of Defendant's goods and services.

32. Stussy avers that Defendant has made and will make false representations regarding Defendant's goods and services. Such representations were made and will be made in connection with commerce.

33. Defendant, without the consent of Stussy, has made commercial use of, infringed and copied the STUSSY Marks, which began after the STUSSY Marks became distinctive and famous. Such use has been in commerce.

34. Defendant's acts have caused and will cause if not enjoined, actual dilution of Stussy's famous and distinctive STUSSY Marks.

35. Defendant's acts have caused and, unless restrained by this Court, will continue to cause Stussy and the public to suffer great and irreparable damage and injury through, inter alia, (a) a likelihood of confusion, mistake and deception among the relevant purchasing public as to Defendant's infringing website and the advertisements and links therefor; (b) the loss of Stussy's valuable goodwill and business reputation symbolized by the STUSSY Marks; and (c) actual dilution of the distinctiveness of the STUSSY Marks.

36. Stussy has suffered loss of profits and other damage, and Defendant has earned illegal profits, as the result of Defendant's aforesaid acts.

37. Stussy has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### (Against All Defendants For California and Common-Law Trademark and Trade Name Infringement)

38. Stussy incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

39. Defendant has acted with oppression, fraud and malice in that Defendant's conduct was intended by Defendant to cause injury to Stussy, is despicable and was carried on with a willful and conscious disregard of the rights of Stussy and the public. By reason of the foregoing, Stussy is entitled to exemplary damages on common law claims against Defendant, in an amount to be proven at trial.

40. Defendant's acts have caused and, unless restrained by this Court, will continue to cause Stussy and the public to suffer great and irreparable damage and injury.

41. Stussy has suffered loss of profits and other damage, and Defendant has earned and will earn illegal profits, as the result of Defendant's aforesaid acts. The infringing conduct should be enjoined.

42. Stussy has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

**(Against All Defendants For Injury to Business Reputation and Dilution)**

43. Stussy incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

44. Defendant's use of colorable copies and imitations of the STUSSY Marks are likely to cause injury to Stussy's business reputation and to dilute the distinctive quality of the STUSSY Marks in violation of California trademark law, including Cal. Bus. & Prof. Code §14330 and the common law.

45. Defendant's acts have caused and, unless restrained by this Court, will continue to cause Stussy and the public to suffer great and irreparable damage and injury.

46. Stussy has suffered loss of profits and other damage, and Defendant has earned illegal profits as the result of Defendant's aforesaid acts.

47. Stussy has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

**(Against All Defendants For Unfair Competition and Unfair Practices)**

48. Stussy incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

49. Defendant has engaged in unfair and fraudulent business practices by the acts herein alleged. Stussy alleges, upon information and belief, that such acts will continue unless restrained by this Court.

50. Defendant's acts have impaired Stussy's valuable goodwill, have created a likelihood of confusion, have actually confused the public and have otherwise adversely affected Stussy's business and reputation by use of unfair and fraudulent business practices in violation of the Cal. Bus. & Prof. Code, including, without limitation, §§17200 through 17208, and the common law.

51. Defendant's acts have caused and, unless restrained by this Court, will continue to cause Stussy and the public to suffer great and irreparable damage and injury.

52. Stussy has suffered loss of profits and other damages, and Defendant has earned illegal profits, as the result of Defendant's aforesaid acts. However, Stussy seeks only disgorgement of profits and does not seek damages at law.

53. Stussy has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Stussy, Inc. prays for relief against Defendant, that:

A. Defendant, and each of its agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with any of them, be temporarily, preliminarily and permanently enjoined and restrained from:

   1. Infringing the Stussy Marks or using or causing the use of any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception;

   2. Using or causing the use of any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation, origin or association of Defendant or Defendant's goods or services with Stussy, or using any false designation of origin or false or misleading description or representation of fact;

   3. Diluting or infringing the rights of Stussy in and to the STUSSY Marks or otherwise damaging Stussy's valuable goodwill or business reputation;

   4. Making any false or misleading statements as hereinabove alleged or otherwise; or

   5. Otherwise competing unfairly with Stussy in any manner.

  C. Defendant, within thirty days after the service of the judgment herein, cease infringing.

  D. Defendant, within thirty days after the service of the judgment herein, be required to file with this Court and serve upon Stussy's attorneys a written report under oath setting forth in detail the manner in which Defendant has complied with the judgment.

  E. Stussy recover its lost profits and actual damages from Defendant, in an amount to be proven at trial (except that restitution only, and not money damages, is requested in connection with the California statutory unfair competition claims), and in excess of $75,000, that Defendant be required to account for any of its profits that are attributable to Defendant's acts, and that all such damages be trebled as provided by 15 U.S.C. § 1117 and Cal. Bus. & Prof. Code §14340, including interest thereon at the maximum rate permitted by law.

  F. Stussy recovers its attorneys' fees.

  G. Stussy recovers its taxable costs and disbursements herein.

  H. The Court grant to Stussy such other and further relief as the Court deems just and proper.

Dated: March 10, 2022      FORTIS LLP

              *Andrew R. Nelson*
              Andrew R. Nelson
              Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Stussy, Inc. hereby demands trial by jury of all issues that are so triable.

Dated: March 10, 2022

FORTIS LLP

*Andrew R. Nelson*
Andrew R. Nelson
Attorneys for Plaintiff