GREENBERG TRAURIG, LLP
Nina D. Boyajian (SBN 246415)
BoyajianN@gtlaw.com
Heather J. Silver (SBN 285509)
SilverH@gtlaw.com
David H. Marenberg (SBN 329954)
MarenbergdD@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel:  310-586-7700; Fax:  310-586-7800

GREENBERG TRAURIG, LLP
Gregory A. Nylen (SBN 151129)
NylenG@gtlaw.com
18565 Jamboree Road, Suite 500
Irvine, CA 92612
Tel:  949-732-6500; Fax:  949-732-6501

Attorneys for Defendant
Shein Distribution Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| STUSSY, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SHEIN; SHEIN DISTRIBUTION CORPORATION; ZOETOP BUSINESS CO., LIMITED; ROADGET BUSINESS PTE. LTD.; FASHION CHOICE PTE LTD.; ROMWE<br><br>　　　　Defendants. | Case No.:  8:22-cv-00379-CJC-KES<br><br>**DEFENDANT SHEIN DISTRIBUTION CORPORATION'S RESPONSE TO ORDER TO SHOW CAUSE AND OBJECTION TO PROOF OF SERVICE ON "SHEIN" AND "ROMWE"**<br><br>[Declarations of Nina D. Boyajian and George Chiao filed concurrently]<br><br>Judge:　　Hon. Cormac J. Carney<br>Magistrate:　Judge Karen E. Scott<br><br>Action Filed:　　　March 10, 2022<br>Am. Complaint Filed:　April 28, 2022 |

1

## I. SHEIN AND ROMWE DO NOT EXIST AND CANNOT BE SERVED OR SUED

On June 10, 2022, in response to this Court's Order to Show Cause, Doc. No. 32, Plaintiff Stussy, Inc. ("Plaintiff") filed a proof of service purporting to establish that service of a summons and complaint was completed on the supposed entity "Shein" at 757 S. Alameda Street, Suite 200, Los Angeles, California, Doc. No. 33. The proof of service Plaintiff filed claims that "substituted service" occurred at this address on March 22, 2022, on "George Chiao – President." Doc. No. 33. Thereafter, on June 13, 2022, Plaintiff filed an additional Response to the Court's Order to Show Cause, Doc No. 34 (the "Response"), which claims that Plaintiff "attempted to re-serve Defendant Shein" on June 13, 2022, and that "Defendant Romwe was served [on] June 13, 2022." Plaintiff's Response states that it intends to file a proof of service purporting to demonstrate service on "Romwe," and it is unclear whether Plaintiff intends to file an additional proof of service with respect to "Shein," as well. Plaintiff's First Amended Complaint alleges that both "Shein" and "Romwe" are "entit[ies] of unknown form…." Doc. No. 13 ¶¶ 6, 11.

Defendant Shein Distribution Corporation ("SDC") objects to (1) the Response, (2) any proof of service filed purporting to demonstrate service on "Shein" on March 22, 2022, and (3) any forthcoming 'proof of service' purporting to demonstrate service on "Shein" or "Romwe" on June 13, 2022 (or any other date). No such service could have occurred since, as SDC has repeatedly told Plaintiff's counsel, neither "Shein" nor "Romwe" exist. *See* Declaration of Nina D. Boyajian ("Boyajian Decl.") ¶ 2; *e.g.*, *id.* Ex. B ("We write to advise you that there are no entities named 'Romwe' or 'Shein'…."); Doc. No. 23 ¶¶ 6, 11 (SDC's Answer, "den[ying] that an entity named 'Shein' exists"; "den[ying] that an entity named 'Romwe' exists"). Rather, "Shein" and "Romwe" are the brand names used by SDC (a named defendant that actually exists) to sell products in the United States on us.shein.com and us.romwe.com. *See* Declaration of George Chiao ("Chiao Decl.") ¶ 3. Consequently, "Shein" and "Romwe" are incapable of being independently served or sued and, as brand names, cannot authorize any party to accept service. *See, e.g.*, *Knight v. Climbing Magazine*, 3:11-CV-0146-LRH-RAM, 2012 WL

6627821, at *2 (D. Nev. Dec. 18, 2012) (dismissing "magazine publication owned by defendant" because magazine was "not a separate legal entity capable of being sued in its own capacity," but "[r]ather … [was] an intellectual property asset" of another named defendant).; *see also eAdGear, Inc. v. Liu*, No. CV-11-05398 JCS, 2012 WL 2367805, at *9 n.2 (N.D. Cal. June 21, 2012) (refusing default judgment over two "non-entit[y]" websites where there was "no evidence before the court that the websites identified [were] separate business entities"); *Beckman v. Wal-Mart Stores, Inc.*, Case No. 17-cv-02249, 2018 WL 1089985, at *3 (S.D. Cal. Feb. 26, 2018) (attorney who agreed to accept service on behalf of defendants "was not obligated to accept service on behalf of a legally nonexistent entity"). Indeed, here, the address (and individual) listed on the March 22, 2022, proof of service that Plaintiff claims demonstrates service on "Shein" is actually the address (and President) of SDC. *Compare* Chiao Decl. ¶ 4, Ex. A *with* Doc No. 33. Although SDC has not yet seen the proof(s) of service from June 13, 2022 (since they have not been filed), it understands that Plaintiff similarly attempted to serve "Romwe" (and re-serve "Shein") at this same address. *See* Chiao Decl. ¶ 5. To be clear, since neither "Shein" nor "Romwe" exist, neither has any office or employees in the United States, including in Los Angeles. *Id.*

Further, even if "Shein" or "Romwe" existed (they do not), Plaintiff's purported method of service would not be effective, anyway, because neither Mr. Chiao nor anyone else at SDC's offices has ever worked for any entity simply called "Shein" or "Romwe" and, therefore, they are not (and have never been) either entity's President, or any other officer or agent authorized to accept service on its behalf. *See* Chiao Decl. ¶ 5; Fed. R. Civ. Proc. 4(e)(1), 4(h) (authorizing service in accordance with state law or by delivery "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"); Cal. Code Civ. Proc. § 416.10 (authorizing corporate service on the company's "president, chief executive officer, or other head of the corporation, a vice president, secretary or assistant secretary, treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized

by the corporation to receive service"); *see also* Boyajian Decl. ¶ 3 (a business entity search via the California Secretary of State website "revealed no entity called 'SHEIN' nor 'ROMWE' … registered to do business in the State of California, and thus no information is available regarding the addresses, officers, or agents for service of process, for 'SHEIN,' [or] 'ROMWE[.]'")

Accordingly, proper service of process has not – and cannot – be effectuated on the named Defendants "Shein" or "Romwe."

## II. PLAINTIFF'S RESPONSE DOES NOT COMPLY WITH THE COURT'S DIRECTIVE IN THE ORDER TO SHOW CAUSE

Even if "Shein" or "Romwe" were entities capable of being served or sued (they are not), Plaintiff has still failed to comply with the Order to Show Cause. The Order to Show Cause expressly stated that Plaintiff had to (1) file proofs of service "indicating service of the Summons and Complaint was effected on or before June 8, 2022" and (2) "if the deadline to answer has passed by the time Plaintiff files the proof of service, the response … will be deemed sufficient only if one of the following is also filed:" (i) "Plaintiff's Request for Entry of Default"; (ii) "Defendants' Answers"; or (iii) "A stipulation extending Defendants' time to respond to the Complaint…." Doc. No. 32 (emphasis in original).

First, Plaintiff has filed no proof of service for Romwe, thus failing the Court's first condition. Further, Plaintiff's Response does not even claim that service was "effected on or before June 8, 2022." Doc. No. 32. Instead, Plaintiff defied the Order by not even attempting service on "Romwe" until June 13, 2022—five days after the Court's deadline. Doc. No. 34 ("Defendant Romwe was served today, June 13, 2022."). "Romwe" should be dismissed for this independent reason.

Second, given that "Shein" was purportedly served on March 22, 2022, (Resp. at 3), any purported response date for it has long since passed. Thus, to comply with the Order to Show Cause, Plaintiff was required to request entry of default by June 13, 2022 (since the non-existent entity has neither answered nor is capable of approving a stipulation).

Instead, Plaintiff purports to unilaterally extend the Court's deadline by prevarication, claiming that, if no response is received from a nonexistent entity that has already failed to timely respond, "Stussy intends to file a request for default on or about July 5, 2022." Plaintiff has no right to grant itself a three-week extension in express violation of this Court's unambiguous Order to Show Cause. Thus, Plaintiff's failure to comply with the Order to Show Cause is an independent basis for dismissal for "Shein," as well.

### III. OTHER ERRORS MAR PLAINTIFF'S FILING

Separate from the issues noted above, SDC also desires to correct the record. Plaintiff's Response erroneously states that "Responses to the First Amended Complaint by Defendants Roadget Business Pte [sic] Ltd, Zoetop Business Co. Limited, and Fashion Choice Pte Lt [sic] are due July 7, 2022." Doc. No. 34. Filed on May 19, 2022, the waivers of service for each of these entities demonstrate that each was requested on May 12, 2022, and thus each entity's response to the First Amended Complaint is not due until July 11, 2022. *See* Doc. Nos. 27, 28, 29.

Finally, SDC also notes that, even though Roadget Business Pte. Ltd. ("Roadget") has already waived service, Doc. No. 28, Plaintiff unnecessarily attempted to serve Roadget anyway at the above-mentioned address for SDC. *See* Chiao Decl. ¶¶ 5-6. Roadget, however, is a Singapore company with no offices, employees, or agents for service of process in the United States, and SDC is not authorized to accept service on its behalf. *Id.*

### IV. CONCLUSION

As SDC has repeatedly explained to Plaintiff, neither "Shein" nor "Romwe" exist as entities, neither can be independently served or sued, and thus both must be dismissed. Further, even if they did exist, Plaintiff's disregard for the Court's Order to Show Cause independently requires the dismissal of both "Shein" and "Romwe."

ACTIVE 65505937v4

| | |
|---|---|
| Dated: June 14, 2022 | GREENBERG TRAURIG, LLP |
| | By: */s/ Nina D. Boyajian* |
| | Nina D. Boyajian |
| | Attorneys for Defendant Shein Distribution Corporation |

ACTIVE 65505937v4